UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IAN SPRINGER,

                Plaintiff,                    **MEMORANDUM & ORDER**

    -against-                                     09 CV 00104 (RJD) (LB)

DEPARTMENT OF TREASURY INTERNAL
REVENUE SERVICE CREDITOR AGENCY,

                Defendant.
-----------------------------------------------------------X
DEARIE, Chief Judge.

      Plaintiff Ian Springer, pro se, brings this action against defendant the United States of America, improperly named as Treasury Department Internal Revenue Service Creditor Agency, challenging the notice of levy that defendant served on plaintiff's employer. Defendant's motion to dismiss is granted because the Court lacks subject matter jurisdiction.

## BACKGROUND

      Plaintiff alleges that his employer, Ricoh U.S., received a notice of levy on January 6, 2009. Following that, plaintiff requested information about his tax liability from defendant, but defendant's only response was that it was working on a response. Plaintiff now requests that the Court order the levy released until defendant submits proof of his obligation.

## DISCUSSION

      Under Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss when it lacks subject matter jurisdiction. "'The party invoking federal jurisdiction bears the burden of establishing' that jurisdiction exists." Sharkey v. Quarantillo, 541 F.3d 75, 82-83 (2d

Cir. 2008) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). In reviewing a motion to dismiss for lack of subject matter jurisdiction, the court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." Merritt v. Shuttle, Inc., 245 F.3d 182, 186 (2d Cir. 2001). The Court is also mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

"In the absence of a waiver, sovereign immunity shields the federal government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). A waiver of the federal government's immunity "must be unequivocally expressed in statutory text" and "will be strictly construed, in terms of its scope, in favor of the sovereign." Lane v. Pena, 518 U.S. 187, 192 (1996) (internal citations omitted). Plaintiff does not identify any authority that gives him a right of action, but his claims could be construed as one for wrongful levy pursuant to 26 U.S.C. § 7426(a)(1). That statute does not waive sovereign immunity in this case, however, because it states that "the person against whom is assessed the tax out of which such levy arose" may not commence an action in court to challenge it. See 26 U.S.C. § 7426(a)(1); Hynard v. I.R.S., 233 F. Supp. 2d 502, 511 (S.D.N.Y. 2002).

Plaintiff's claim is also barred because it is expressly precluded by the Anti-Injunction Act. The Act states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." 26 U.S.C. §7421(a). The Supreme Court has carved out two judicial exceptions to the applicability of the Anti-Injunction Act in federal tax assessment and collection cases. Suits can "go forward where: (i) 'under no

circumstances could the government ultimately prevail' and (ii) 'equity jurisdiction otherwise exists,'" Griffin v. Comm. of Internal Revenue, No. 96-6225, 1997 WL 138294, at *1 (2d Cir. Mar. 24, 1997) (quoting Bob Jones Univ. v. Simon, 416 U.S. 725, 725 (1974)), or where an aggrieved party has no adequate remedy at law,[1] see South Carolina v. Regan, 465 U.S. 367, 378 (1984). Plaintiff does not make any effort to allege that the government could not prevail under any circumstances. Additionally, plaintiff has an adequate remedy at law since he could pay the tax and file a claim for refund and, if denied, bring a suit for refund in district court. See 26 U.S.C. § 7422.

Lastly, the Court also lacks power to act under the Declaratory Judgment Act because it explicitly excludes cases concerning federal taxes. See 28 U.S.C. § 2201(a); S.E.C. v. Credit Bancorp, Ltd., 297 F.3d 127, 137 (2d Cir. 2002) ("Thus, whether or not [the Declaratory Judgment Act] waives the sovereign immunity of the United States with respect to other types of actions, it explicitly excludes from any such waiver the power to declare rights or obligations with respect to federal taxes.").

---

[1] §7421 also provides several statutory exceptions, but none of them apply in this case.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted.

SO ORDERED.


Dated: Brooklyn, New York
      September 27, 2010

s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge